ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

June 18, 2004

The Honorable Bill R. Turner
Brazos County District Attorney
300 East 26th Street, Suite 310
Bryan, Texas 77803

Opinion No. GA-0206

Re: Whether the Bryan Business Council, Inc. is subject to the Open Meetings Act, chapter 551 of the Government Code (RQ-0155-GA)

Dear Mr. Turner:

You ask whether the Bryan Business Council, Inc. is subject to the Open Meetings Act, chapter 551 of the Government Code.[1]

You indicate that the Bryan Business Council, Inc. (the "BBC") was incorporated in 1982 as the Bryan Development Foundation, Inc. in accordance with the provisions of the Texas Non-Profit Corporation Act, articles 1396-1.01-50.01 of the Revised Civil Statutes. *See* Request Letter, *supra* note 1, at 1. The BBC was established "for the purpose of attracting and promoting multi-family residential, manufacturing, commercial and industrial enterprises within the City of Bryan." *Id.* The BBC's articles of incorporation were amended in 1995 to read, in relevant part:

> The purpose for which this corporation is formed is to buy, erect or repair any building or improvement for the use of any multi-family residential project (50 living units or more), manufacturing, commercial, or industrial enterprise located within, or in the vicinity of, the City of Bryan, Texas, and to accumulate and lend money for said purposes, and to purchase, sell, and subdivide real property in the City of Bryan, Texas or its suburbs, not extending beyond the City of Bryan's extraterritorial jurisdiction (ETJ) as such ETJ may exist from time to time, for the use of multi-family housing projects, commercial, manufacturing, and industrial enterprises and to accumulate and lend money for said purpose and for advertising for general promotional and tourist advertising of the City of Bryan and its vicinity and conducting a solicitation and operating program to attract conventions and visitors either by the City of Bryan or through contracts with persons or organizations selected by the City of Bryan and for promoting, aiding, improving and enhancing the business

---

[1]*See* Letter from Honorable Bill R. Turner, Brazos County District Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Dec. 3, 2003) (on file with Opinion Committee, *also available at* www.oag.state.tx.us) [hereinafter Request Letter].

> community of the City of Bryan and its vicinity so as to make the area a more attractive location for business and commercial enterprises, by entering into joint ventures with governmental agencies, quasi-governmental agencies and profit and non-profit corporations in projects designed to advance and foster business and commerce in the City of Bryan, and Brazos County, Texas and in the six counties contiguous to Brazos County (the Brazos Valley Region).

Bryan Business Council, Amendment to Articles of Incorporation, Article II (July 20, 1995).

The Open Meetings Act provides that "[e]very regular, special, or called meeting of a governmental body shall be open to the public, except as provided by this chapter." TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994). A "governmental body" is defined as:

> (A) a board, commission, department, committee, or agency within the executive or legislative branch of state government that is directed by one or more elected or appointed members;
>
> (B) a county commissioners court in the state;
>
> (C) a municipal governing body in the state;
>
> (D) a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality;
>
> (E) a school district board of trustees;
>
> (F) a county board of school trustees;
>
> (G) a county board of education;
>
> (H) the governing board of a special district created by law;
>
> (I) a local workforce development board created under Section 2308.253;
>
> (J) a nonprofit corporation that is eligible to receive funds under the federal community services block grant program and that is authorized by this state to serve a geographic area of the state; and
>
> (K) a nonprofit corporation organized under Chapter 67, Water Code, that provides a water supply or wastewater service, or both, and is exempt from ad valorem taxation under Section 11.30, Tax Code.

TEX. GOV'T CODE ANN. § 551.001(3) (Vernon Supp. 2004).

You state that although "[t]he Board of Directors [of the BBC] is appointed by the Bryan City Council[,]" the BBC "has no rule-making or quasi[-]judicial authority, nor does it have any governmental powers." Request Letter, *supra* note 1, at 1. In Attorney General Letter Opinion 94-090, this office considered whether Moore County Development, Inc. (the "MCD") was subject to the Open Meetings Act. The MCD, like the BBC, was also incorporated under the provisions of the Texas Non-Profit Corporation Act. *See* Tex. Att'y Gen. LO-94-090, at 1. It did not exercise governmental powers. *See id.* at 3. The opinion concluded that, as a result,

> [i]t is not an entity "within the executive or legislative branch of state government." It is not a governing body identified by subsection[s] (B), (C), (E) through (G), or (I) of section 551.001(3) of the Government Code, nor is it "a deliberative body that has rulemaking or quasi-judicial power and that is classified as a department, agency, or political subdivision of a county or municipality" within subsection (D) of section 551.001(3). Finally, it is not "a special district created by law" within subsection (H) of section 551.001(3). The MCD was organized by incorporators pursuant to the Texas Non-Profit Corporation Act, not "created by law." Thus, the MCD is not a governmental body within the Open Meetings Act.

*Id.* (citations omitted).

Likewise, the BBC is not an entity within state government. Nor is it embraced within subsections (B), (C), (E), (G), (I), or (K) of section 551.001(3). *See* TEX. GOV'T CODE ANN. § 551.001(3)(B), (C), (E), (G), (I), (K) (Vernon Supp. 2004). As you have stated, it does not possess "rulemaking or quasi-judicial power" as required by subsection (D). It is not "a special district created by law" under subsection (H) because it was chartered under the Texas Non-Profit Corporation Act. Neither does any provision of the original or amended articles of incorporation indicate that the BBC "is eligible to receive funds under the federal community services block grant program and . . . is authorized by this state to serve a geographic area of the state." *See id.* § 551.001(3)(J). As you note, its primary source of funding is from sales of donated property and from oil and gas revenues. *See* Request Letter, *supra* note 1, at 1. The most recent budget for the BBC shows that over 90 percent of its income for fiscal year 2003-04 derives from oil and gas royalties, with lesser amounts from interest and "miscellaneous income." *See* Bryan Business Council, Approved Budget, Fiscal Year 2003-2004. We conclude, therefore, that the Bryan Business Council, Inc. is not a "governmental body" within the terms of the Open Meetings Act.[2]

---

[2]Economic development corporations created under the Development Corporation Act of 1979 are subject to the Open Meetings Act. *See* TEX. REV. CIV. STAT. ANN. art. 5190.6, § 11(b) (Vernon Supp. 2004). Although the BBC shares some of the attributes of an economic development corporation, it was not created under the terms of article 5190.6.

**S U M M A R Y**

The Bryan Business Council, Inc. is not a "governmental body" within the terms of the Open Meetings Act, chapter 551 of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee